CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 21-2695

KOMATSU MINING CORP.,

*Plaintiff-Appellant*,

*v.*

COLUMBIA CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:18-CV-02034 — **Lynn Adelman**, *Judge*.

_____

ARGUED DECEMBER 1, 2022 — DECIDED JANUARY 23, 2023

_____

Before EASTERBROOK, HAMILTON, and KIRSCH, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. A corporate control transaction has led to an insurance dispute. In 2016 Joy Global Inc., and Komatsu America Corp., two manufacturers of heavy equipment used in mining, agreed to merge. That step required the approval of Joy Global's investors. As it had shares registered under the federal securities laws, Joy Global sent

the investors a set of disclosures under §14 of the Securities Exchange Act of 1934, 15 U.S.C. §78n, which regulates the process of voting by proxy. Litigation ensued and was settled for roughly $21 million; the transaction closed. The surviving firm is called Komatsu Mining. Who pays for the settlement remains unresolved.

Several suits contended that Joy Global violated §14 and the implementing regulations by not disclosing some internal projections of Joy Global's future growth that could have been used to negotiate for a price higher than the one that Joy Global agreed to accept. This rendered the proxy statements fraudulent, plaintiffs asserted, by omitting information necessary to make the disclosures non-misleading. The complaints added that Joy Global's directors violated their duties as a matter of state law by not maximizing the price the shareholders stood to receive.

Whether these complaints stated good federal claims was never put to the test, but the matter is doubtful. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462 (1977), holds that securities laws cannot be used to contend that a corporate transaction did not fetch the best price; federal regulation is limited to disclosures, while price is a subject for appraisal and other remedies under state law. One circuit allows *Santa Fe Industries* to be skirted by pleading that §14 requires a corporation to disclose facts that could facilitate litigation about the price in state court. See *Goldberg v. Meridor*, 567 F.2d 209 (2d Cir. 1977). But this circuit has deprecated that approach and said that arguments about price belong entirely under state law. See *Harris Trust & Savings Bank v. Ellis*, 810 F.2d 700, 704 (7th Cir. 1987); *O'Brien v. Continental Illinois National Bank & Trust*, 593 F.2d 54 (7th Cir. 1979). Still, the settlement stands whether or

not the complaints came within §14. We consider only whether the $21 million is a loss covered by insurance.

The policies in question address securities and state-law suits, which the insurers must defend at their expense. But the underwriters need not indemnify the insureds (directors and officers as well as Joy Global) for "any amount of any judgment or settlement of any **Inadequate Consideration Claim** other than **Defense Costs**". In these policies, words and phrases in boldface are defined terms. The definition of "inadequate consideration claim" is:

> that part of any **Claim** alleging that the price or consideration paid or proposed to be paid for the acquisition or completion of the acquisition of all or substantially all the ownership interest in or assets of an entity is inadequate.

And a "claim" is:

> any civil, criminal, administrative or regulatory proceeding (other than an investigation) or arbitration, mediation or any alternative dispute resolution proceeding, … alleging a **Wrongful Act**, including any appeal therefrom.

The district court, applying Wisconsin law (which the parties agree is appropriate), granted summary judgment to the insurers. 555 F. Supp. 3d 589 (E.D. Wis. 2021). The judge found that the suits assert the wrongful act of failing to disclose documents that could have been used to seek a higher price. That brought the suits within the definition of "inadequate consideration claim" and activated the exclusion from indemnification (though the insurers still had to cover defense costs).

Consider why an insurance policy might exclude coverage for "inadequate consideration". How much a company is worth depends on the market, but bidders would like to shift the cost to a third party if possible. Suppose Company X is

worth $100 million. Company Y agrees to buy X for $80 million and promises that X's shareholders will be made whole. The shareholders sue, contending that X has withheld the "fact" that the company is worth $100 million. X and Y settle that claim for $20 million and turn to their insurer for indemnity. The shareholders get their $100 million, but if this maneuver works Y completes the purchase for only $80 million, with the rest coming from insurance. Insurers use clauses about inadequate consideration to protect themselves from this moral hazard. The hypothetical in this paragraph looks a lot like the actual merger between Joy Global and Komatsu America. But an inadequate-consideration clause means that Y, not the insurer, pays the target's full market value.

Komatsu Mining's principal argument on appeal is that the securities suits *could not* have been about "inadequate consideration", because that's governed by state law. Given *Santa Fe Industries*, any §14 action necessarily alleges false or inadequate disclosure—and these suits did just that. But the reason disclosure was inadequate, according to the complaints, is that Joy Global failed to reveal that the price was too low. By concealing information, the complaints maintained, the proxy statements induced shareholders to vote in favor of a merger whose price was not as advantageous as it could have been. That's an "inadequate consideration claim" under this policy's definition.

The contrary argument amounts to a contention that using a §14 suit to get better access to information that could be employed to boost the price—either by voting against the merger or by suing under state law—avoids not only *Santa Fe Industries* but also exclusions such as the ones in these policies. Similarly, Komatsu Mining maintains, the fact that the suits

included claims that Joy Global's directors had a duty to maximize the price paid differs from the adequacy of the price itself. Yet the policies say that indemnity depends on *both* a "wrongful act" and the absence of an "inadequate consideration claim". Under the policies, it is possible to have a violation of §14 or of a fiduciary duty—that is, a "wrongful act"—that produces loss only if a court finds that the price was too low. That's the situation here. The federal claim was assertedly inadequate disclosure, and the state claim was the directors' asserted breach of their duty of care, but the *loss* from any legal wrong depended on a conclusion that the price offered in the merger was too low. (Indeed, the existence of the claim itself depends on price. For example, if Joy Global negotiated a good price, then failure to disclose the internal projections was not material and so was not a violation of §14.)

We asked Komatsu Mining's lawyer at oral argument whether any of the complaints offered a theory of liability that did not depend on a view that the price offered for the Joy Global shares was too low. Counsel replied, in several different ways, that the federal claim depended on inadequate disclosures. But did it depend on false or deficient disclosures about anything other than the price? Counsel did not identify any part of any complaint making such a claim, and our own review did not turn one up. The *only* objection to this merger was that Joy Global could and should have held out for more money, and that revealing this would have induced the investors to vote "no" (or file suit in state court) and so trigger a renegotiation of the price.

Like the district court, we recognize that one state judge's decision supports the approach that Komatsu Mining pursues. *Northrop Grumman Innovation Systems, Inc. v. Zurich*

*American Insurance Co.*, 2021 Del. Super. LEXIS 92 (Feb. 2, 2021), application for interlocutory review denied, 2021 Del. LEXIS 106 (Mar. 18, 2021), finds an inadequate-consideration exclusion in a different policy inapplicable because the claim rested in part on inadequate disclosure. The judge of the Superior Court wrote that such exclusions apply only when inadequate price is the sole allegation in the underlying complaint. Any other kind of allegation (including insufficient disclosure) nullifies the exclusion, the state judge wrote.

The state judge invoked what he understood to be a rule of Delaware insurance law that all conceivable ambiguities be construed against an insurer. But as the district judge pointed out, 555 F. Supp. 3d at 595, that may be the law in Delaware but is not the law in Wisconsin. See, e.g., *Danbeck v. American Family Mutual Insurance Co.*, 2001 WI 91 ¶10 (Sykes, J.). What's more, the language of the exclusion in *Northrop Grumman* differs from the definition of "inadequate consideration claim" in Joy Global's policies. Komatsu Mining wants us to proceed as if all D&O policies contain the same language, but they don't, so we shouldn't.

Other arguments have been considered but do not require discussion.

                                                                              AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

February 14, 2023

To:  Gina M. Colletti
     UNITED STATES DISTRICT COURT
     Eastern District of Wisconsin
     Milwaukee, WI 53202-0000

| | |
|---|---|
| No. 21-2695 | JOY GLOBAL INC.,<br>                    Plaintiff - Appellant<br><br>v.<br><br>COLUMBIA CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>                    Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:18-cv-02034-LA<br>Eastern District of Wisconsin<br>District Judge Lynn Adelman | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                              No record to be returned

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

January 23, 2023

Before
FRANK H. EASTERBROOK, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

CERTIFIED COPY

| No. 21-2695 | KOMATSU MINING CORP., <br> Plaintiff - Appellant <br><br> v. <br><br> COLUMBIA CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br> Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:18-cv-02034-LA <br> Eastern District of Wisconsin <br> District Judge Lynn Adelman ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**     (form ID: **132**)